IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KIM DAVIS, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br>v.<br><br>GEICO INDEMNITY COMPANY,<br> a foreign corporation<br><br>     Defendant. | CASE NO.:<br><br><br><br><br><br>JURY TRIAL DEMANDED |

## CLASS ACTION COMPLAINT FOR DAMAGES

Plaintiff Kim Davis, on behalf of herself and all others similarly situated, files this Class Action Complaint against GEICO Indemnity Company ("GEICO Indemnity"), and in support thereof state the following:

## NATURE OF THE ACTION

1. Plaintiff Davis was insured under a GEICO Indemnity policy of insurance (the "Policy") and suffered a total-loss of her insured vehicle. Plaintiff made a covered claim for physical damage under her Policy. GEICO Indemnity breached the Policy by failing to pay the cost of title transfer fees and registration transfer fees due under the Policy. This was not an isolated incident. To the contrary, the failure to pay the cost of title transfer fees and registration transfer fees is a fundamental component of GEICO Indemnity's business practices within New Jersey.

2. The Policy promises to pay for any "loss" to an insured vehicle, whether resulting under collision (such as a motor vehicle accident) or comprehensive (such as theft) coverage.

Plaintiff and all class members suffered loss in the form of a "total-loss" – a loss of the entire vehicle.

3. The Policy requires payment on first-party total-loss physical damage claims of Actual Cash Value ("ACV") of the damaged property. The Policy requires Defendants to determine ACV for the property at the time of the loss.

4. The Policy defines ACV as the "replacement cost" of the insured auto less depreciation and/or betterment.

5. The ACV of a vehicle includes mandatory, unavoidable title transfer fees and registration (tag) transfer fees, both of which are necessary replacement costs.  New Jersey requires all vehicles to be legally titled and registered; otherwise, insureds cannot operate the vehicles at all.  In the view of a reasonable insured, and by law, title and registration transfer fees are necessary costs to replace a vehicle in New Jersey.

6. GEICO Indemnity, however, as a matter of uniform procedure and process, does not include title transfer and tag transfer fee amounts in making payment to New Jersey insureds who have suffered a total-loss, thereby breaching its policy contract with Plaintiff and every member of the Class, as defined below.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action under 28 U.S.C. § 1332(d)(2) because (a) Plaintiff is a member of the putative class, which consists of at least 100 members; (b) Plaintiff is a New Jersey citizen and Defendant is a Maryland citizen; and (c) the amount-in-controversy exceeds the sum of $5 million exclusive of interest and costs.

8. Venue is proper in this Court because a substantial portion of the acts and course of conduct giving rise to the claims alleged occurred within the district and Defendant is subject

to personal jurisdiction here.

## PARTIES

9.     Plaintiff Davis is and was domiciled at 541 Rutherford Avenue in Trenton, New Jersey, and was a New Jersey citizen at all times relevant to this lawsuit.

10.     GEICO Indemnity is and was, at all times relevant to this lawsuit, a corporation located in and incorporated in Maryland, with its principal place of business at 5260 Western Avenue in Chevy Chase, Maryland.  GEICO Indemnity is authorized to conduct insurance business in New Jersey.

## FACTUAL ALLEGATIONS

**A.**     *The GEICO Indemnity Insurance Policy*

1.     Plaintiff Davis had automobile insurance through GEICO Indemnity.  Plaintiff's Policy provides that for "Collision" and "Comprehensive" coverages, GEICO Indemnity will pay for each "loss" to an "owned auto" or "non-owned auto":

> **Comprehensive (Excluding *Collision*)**
> 1. We will pay for each *loss*, less the applicable deductible, caused other than by *collision*, to the *owned* or *non-owned auto*. This includes breakage of glass and *loss* caused by:
>
> **Collision**
> 1. We will pay for *collision loss* to the *owned* or *non-owned auto* for the amount of each *loss* less the applicable deductible.

2.     The Policy defines "owned auto" as including any vehicle described in the Policy for which a specific premium charge indicates there is coverage:

> 6. ***Owned auto*** means:
>    (a) A vehicle described in this policy for which a premium charge is shown for these coverages:

3.     The Policy defines "Loss," with respect to "Collision" and "Comprehensive" coverage, as "direct and accidental loss of or damage to (a) The auto, including its equipment; or (b) Other insured property":

> 7. **Loss** means direct and accidental loss of or damage to:
>    (a) The auto, including its equipment; or
>    (b) Other insured property.

4. The Policy represents that the limit of GEICO Indemnity's liability for loss, with respect to "Collision" and "Comprehensive" coverage, is "the actual cash value of the property at the time of the loss":

> **LIMIT OF LIABILITY**
> The limit of our liability for **loss**:
> 1. Is the **actual cash value** of the property at the time of the **loss**;

5. "Actual cash value" is defined in the Policy, with respect to "Collision" and "Comprehensive" coverages, as "the replacement cost of the auto or property less depreciation or betterment":

> 1. **Actual cash value** is the replacement cost of the auto or property less **depreciation** or **betterment**.

6. Under the Policy, GEICO Indemnity's legal obligation to pay Actual Cash Value on a first-party total-loss claim does not differ between a Collision total loss claim and a Comprehensive total-loss claim.

7. In the event of a loss, including a total-loss, the Policy provides that GEICO Indemnity may either: (1) pay for the loss, or (2) repair or replace the damaged or stolen property.

8. As a matter of uniform procedure and process, when an insured suffers a total-losses, GEICO Indemnity elects to pay for the loss, rather than repair or replaced the damaged vehicle.

9. When GEICO Indemnity elects to pay for a total-loss, GEICO Indemnity is obligated to pay the ACV of the total-loss vehicle.

10. Because a total-loss is the term used to describe the scenario where GEICO Indemnity determines that the cost to repair the damage exceeds the ACV of the vehicle, the

relevant limitation on liability in the context of a total-loss is always ACV precisely because GEICO Indemnity determined that it is less than the cost to repair the damage.

11. The Policy does not condition any aspect of coverage upon the purchase of a replacement vehicle or incurring costs associated with replacing the insured loss, whether a total or partial loss.

12. Upon information and belief, each Class member was insured under policies that were materially identical to Plaintiff Davis's Policy with respect to GEICO Indemnity's obligation to pay "Actual Cash Value" in the event of a total-loss.

**B.**   ***GEICO Does Not Pay the Agreed-Upon Replacement Costs***

13. Title transfer fees and registration transfer fees are necessary and mandatory vehicle replacement costs in New Jersey.

14. Throughout the class period, New Jersey prohibited buying or selling motor vehicles unless the certificate of title under the name of the buyer was provided. New Jersey also prescribes the method and form for applying for transfer of certificate of title into the name of the buyer. New Jersey imposes a flat (minimum) fee on certificate of title transfers. These title transfer fees are mandatory and apply to the replacement of all total-loss vehicles in New Jersey. At the time of Plaintiff' total-loss, the title transfer fee was $85.00.

15. Unlike some states, New Jersey does not prescribe an exception to the imposition of the title transfer fees for consumers who are replacing a total-loss vehicle. Instead, the title transfer fee is applicable to all vehicle purchases, including when replacing a total-loss vehicle.

16. Throughout the class period, New Jersey required that every vehicle be legally and properly registered to be used or operated on New Jersey highways and roadways. These registration fees are mandatory and apply to the purchase of all vehicles in New Jersey, including

when replacing a total-loss vehicle. The registration transfer fee at the time of loss on Plaintiffs' replacement vehicle was $4.50.

17. By providing that it will pay Actual Cash Value in the event of a total-loss, GEICO Indemnity promises to pay these mandatory vehicle replacement costs as part of its Collision and Comprehensive coverages

18. GEICO Indemnity, however, by its conduct alleged herein, breached its contracts with Plaintiff and the other Class members by failing to pay title transfer fees or registration transfer fees upon the total-loss of an insured vehicle.

**C.** ***GEICO Indemnity Failed to Pay Plaintiff the Actual Cash Value to Which She was Entitled***

19. Plaintiff Davis owned a 1995 Ford Explorer XLT (the "Insured Vehicle").

20. On or about August 19, 2017, Plaintiff was involved in an auto collision while operating the insured vehicle. Plaintiff filed a claim with GEICO Indemnity following the accident, Claim No. 058687775-0101-027.

21. GEICO Indemnity determined that the vehicle was a total-loss and that the claim was a covered claim.

22. GEICO Indemnity, through a third-party vehicle valuation provider, determined the vehicle had a base value of $1,231.00 and an adjusted value of $805.32. (*See* Exhibit A, Davis Market Valuation Report.)

23. GEICO Indemnity then added sales tax in the amount of $55.37 for a total of $860.69. (*See* Exhibit B, Davis Total Loss Settlement Letter). GEICO Indemnity did not include any amount for title transfer or registration transfer fees.

24. GEICO Indemnity's failure to pay title transfer and tag transfer fees at the time of the loss breached the Policy because these fees are necessary "replacement costs" and are not

attributable to depreciation nor betterment and constitute elements of the ACV of the insured vehicle.

25. Davis paid all premiums owed and otherwise satisfied all conditions precedent such that his insurance policy was in effect and operational at the time of the accident.

26. Plaintiff and all members of the Class, as defined below, were owed title transfer fees in the amount of $85.00 and tag transfer fees in the amount of $4.50.

## CLASS ALLEGATIONS

27. Plaintiff brings this action pursuant to Rules 23(a), 23(b)(2), and, and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of himself and all others similarly situated.

28. Plaintiff seeks to represent a class ("the Class") defined as:

All persons: (a) who insured a vehicle for physical damage coverage under a New Jersey automobile insurance policy issued by GEICO Indemnity that provided for an Actual Cash Value payment in the event that a vehicle was declared a total-loss, (b) who made a claim under the policy for physical damage, (c) whose claim was adjusted as a total-loss within the six-year time period prior to the date on which this lawsuit was filed until the date of any certification order, and (d) who were not paid the costs of title transfer fees or registration transfer fees.

29. Excluded from the Class is Defendant and any of its members, affiliates, parents, subsidiaries, officers, directors, employees, successors, or assigns; governmental entities; and the Court staff assigned to this case and their immediate family members. Plaintiff reserves the right to modify or amend the Class definition, as appropriate, during the course of this litigation.

30. This action has been brought and may properly be maintained on behalf of the Class proposed herein under the criteria of Rule 23 of the Federal Rules of Civil Procedure.

31. **Numerosity – Federal Rule of Civil Procedure 23(a)(1).** The members of the Class are so numerous that individual joinder of all Class members is impracticable. While Plaintiff is informed and believes that there are thousands of Class members, the precise number

of Class members is unknown to Plaintiff, but may be ascertained from Defendant's books and records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, Internet postings, and/or published notice.

32. **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).** This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

   a. whether Defendant's agreement to pay Actual Cash Value in the event of total loss obligated Defendant to pay the costs of title transfer fees and registration transfer fees to Plaintiff and the other Class members;

   b. whether Defendant breached its contracts with Plaintiff and the other Class members; and

   c. the amount and nature of relief to be awarded to Plaintiff and the other Class members.

33. **Typicality – Federal Rule of Civil Procedure 23(a)(3).** Plaintiff's claims are typical of the other Class members' claims because Plaintiff and the other Class members were all similarly affected by Defendant's failure to pay the costs of title transfer fees and registration transfer fees under New Jersey insurance policies that provided for an Actual Cash Value payment in the event of total loss. Plaintiff's claims are based upon the same legal theories as those of the other Class members. Plaintiff and the other Class members sustained damages as a direct and proximate result of the same wrongful practices in which Defendant engaged. Plaintiff's claims arise from the same practices and course of conduct that give rise to the claims of the other Class members

34. **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate Class representative because his interests do not conflict with the interests of the other Class members who he seeks to represent, Plaintiff has retained counsel competent and experienced in complex class action litigation, including successfully litigating class action cases similar to this one, where insurers breached contracts with insureds by failing to include sales tax, title transfer fees, and tag transfer fees in total loss situations, and Plaintiff intends to prosecute this action vigorously.  The Class's interests will be fairly and adequately protected by Plaintiff and his counsel.

35. **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).** Defendant has acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class members as a whole.

36. **Superiority – Federal Rule of Civil Procedure 23(b)(3).**  A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendant, so it would be impracticable for the Class members to individually seek redress for Defendant's wrongful conduct.  Even if the Class members could afford litigation the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the

benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## COUNT I – BREACH OF CONTRACT

37. Plaintiff Davis incorporates by reference each allegation set forth in the preceding paragraphs.

38. Plaintiff brings this claim individually and on behalf of the other Class members.

39. Plaintiff and each of the other Class members were parties to insurance contracts with GEICO Indemnity, as described herein.

40. Plaintiff and each of the other Class members' insurance contracts with GEICO Indemnity are governed by New Jersey law.

41. Plaintiff and each of the other Class members made claims under their insurance contracts with GEICO Indemnity, which GEICO Indemnity determined to be first-party total losses under the insurance contract, and which GEICO Indemnity determined to be covered claims.

42. Pursuant to the above-described contractual provisions, upon the total loss of their insured vehicles, Plaintiff and each of the other Class members were each owed the Actual Cash Value of their vehicles, which includes title transfer fees and registration transfer fees.

43. GEICO Indemnity failed to pay the requisite costs title transfer fees and registration transfer fees to Plaintiff and each of the other Class members on their total loss claims.

44. GEICO Indemnity's failure to pay the requisite costs of title transfer fees and registration transfer fees constitutes a material breach of GEICO Indemnity's contracts with Plaintiff and each of the other Class members.

45. As a result of GEICO Indemnity's contractual breaches, Plaintiff and each of the other class members have been damaged, and are entitled under GEICO Indemnity's insurance

contracts to sums representing the benefits owed for title transfer fees and registration transfer fees, as well as costs, pre-judgment and post-judgment interest, injunctive relief, and other relief as appropriate.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff Davis, individually and on behalf of the other Class members, respectfully requests that the Court enter judgment in his favor and against Defendant GEICO Indemnity Co. as follows:

a. An order certifying the proposed Class, as requested herein, designating Plaintiff as Class representative, and appointing Plaintiff's undersigned attorneys as Class Counsel;

b. An award of compensatory damages, and all other available damages, for Plaintiff and the other Class members, as well as pre- and post- judgment interests on any amounts awarded;

c. An order enjoining GEICO Indemnity from continuing the illegal practices alleged herein, and for other injunctive relief as is proven appropriate in this matter;

d. An award of attorney's fees, expenses, and costs of suit as appropriate pursuant to applicable law

e. An order providing such other and further forms of relief as this Court deems just and proper.

### JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: January 14, 2020                                   Respectfully submitted,

/s/ *Mark A. DiCello*
Mark A. DiCello
**DICELLO LEVITT GUTZLER LLC**
Western Reserve Law Building
7556 Mentor Avenue
Mentor, Ohio 44060

        Telephone: (440) 953-8888
        madicello@dicellolevitt.com

        Adam J. Levitt*
        Daniel R. Ferri*
        **DICELLO LEVITT GUTZLER LLC**
        Ten North Dearborn Street, Eleventh Floor
        Chicago, Illinois 60602
        Telephone: 312-214-7900
        alevitt@dicellolevitt.com
        dferri@dicellolevitt.com

        Edmund A. Normand*
        Jacob Phillips*
        **NORMAND LAW, PLLC**
        62 West Colonial Street, Suite 209
        Orlando, Florida 32814
        Telephone: 407-603-6031
        ed@ednormand.com
        jacob@ednormand.com

        ***Counsel for Plaintiff***
        ***and the Proposed Class***

*Application for admission *pro hac vice* to be submitted